IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIRK DOUGLAS HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-3008-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Kirk Douglas Hood seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including degenerative disc disease, degenerative joint disease, migraines, irritable bowel syndrome, and post-traumatic stress disorder. The ALJ concluded that Plaintiff nonetheless retained the residual functional capacity ("RFC") to perform work as a counter clerk or furniture rental clerk.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed the pending application on December 8, 2010. As amended, he claims a disability onset date of May 12, 2010, and a date of last insured of December 31, 2013. After the Commissioner denied his application, Plaintiff requested an ALJ hearing. On September 22, 2012, the ALJ found that Plaintiff was not disabled. The Social

Security Administration Appeals Council denied Plaintiff's request for review on November 15, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The substantial evidence standard "presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984). Within that zone, the court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred by: (1) failing to include his fibromyalgia as a severe impairment at Step Two; and (2) rendering an RFC formulation that is inconsistent with the medical record at Step Four.  These arguments are without merit.

**I. Because the record does not indicate how Plaintiff's fibromyalgia impaired his ability to work, the ALJ did not err in classifying it as non-severe.**

In a separate proceeding, the United States Department of Veterans Affairs ("VA") awarded Plaintiff disability benefits in connection with his fibromyalgia.  R. at 213, 528, 530, 531, 533, 534, 535.  The record does not contain much discussion of the fibromyalgia.  Plaintiff indicates that a doctor at a VA hospital gave him this diagnosis.  R. at 208, 543.  The VA's medical records appear to contain only two references to fibromyalgia:  "Fibromyalgia stable," and "Will get an early return appointment to review dx of fibromyalgia and discuss further."[2]  R. at 538, 544.

The ALJ did not list fibromyalgia as a severe impairment at Step Two. R. at 15.  Plaintiff argues the ALJ erred in failing to do so.

Before the ALJ classifies an ailment as a "severe" or "non-severe" impairment, *see* 20 C.F.R. § 404.1521(a), she must first determine that the ailment at issue actually is an "impairment."  An "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 404.1508.  That medical evidence must consist of "signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."  *Id*.  For fibromyalgia specifically, a physician must have diagnosed the claimant with fibromyalgia consistent with

---

[2] "Dx" here likely means "diagnosis."

either of two sets of criteria delineated by the American College of Rheumatology. SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).

In this case, substantial evidence supports the ALJ's decision not to list fibromyalgia as an impairment. Plaintiff cites no record evidence that a physician has properly diagnosed him with fibromyalgia pursuant to the American College of Rheumatology's criteria. *See id.* Even if the Court could ignore the fibromyalgia-specific diagnostic requirements, Plaintiff cites no general medical notes, signs, symptoms, or laboratory findings to support a fibromyalgia diagnosis. *Cf. Forehand v. Barnhart*, 364 F.3d 984, 987 (8th Cir. 2004) (remanding to the ALJ where a physician had officially diagnosed fibromyalgia, and the diagnosis was based on medical observations from twenty visits). Rather, the record's only references to fibromyalgia are devoid of medical findings, and so were not binding on the ALJ. R. at 538 ("Fibromyalgia stable"), 544 ("Will get an early return appointment to review dx of fibromyalgia and discuss further."), 213 (conclusory VA finding that Plaintiff disabled because of fibromyalgia); *see also Curtis v. Astrue*, 338 F. App'x 554, 555 (8th Cir. 2009) (permitting the ALJ to reject a VA disability finding because the VA decision was based on records not before the ALJ). Therefore, the ALJ properly did not include fibromyalgia as one of Plaintiff's impairments. *See* 20 C.F.R. § 404.1508. As Plaintiff did not have a fibromyalgia impairment, the ALJ did not err in excluding it at Step Two.

**II. The ALJ rendered a proper RFC formulation in excluding limitations based on migraines, irritable bowel syndrome, and mental limitations.**

Plaintiff next asserts that the ALJ improperly determined his RFC at Step Four. The ALJ concluded that Plaintiff has the RFC to "perform light work . . . except occasionally reach with the upper extremities; and is limited to work with moderately complex tasks." R. at 18. Plaintiff

argues that the ALJ did not accommodate his migraine headaches, irritable bowel syndrome, and limitations on concentration and persistence.

An RFC is a "function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence." *Harris v. Barnhart*, 356 F.3d 926, 969 (8th Cir. 2004). It is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). An ALJ must determine a claimant's RFC based on all of the record evidence, including medical records, third party observations, and the claimant's own descriptions of his limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Here, substantial evidence supports the ALJ's decision not to incorporate limitations wrought by Plaintiff's migraine headaches or irritable bowel syndrome into his RFC. He was diagnosed with both conditions, *e.g.* R. at 331, 337, 543, but significantly, none of his treatment providers attributed functional limitations to those conditions. *See Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011). Further, he worked for several years with his headaches and irritable bowel syndrome, leaving his job only because his employer closed and moved operations out of state, R. at 38, 175, indicating that these conditions did not really impose functional restrictions. *See Orrick v. Sullivan*, 966 F.2d 368, 370 (8th Cir. 1992). Although Plaintiff testified that his migraine headaches and irritable bowel syndrome prevented him from working, R. at 40–41, 45–46, because the ALJ properly discounted his credibility, R. at 18–19, she did not have to include those limitations. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). The ALJ thus did not err in excluding headache- and irritable bowel syndrome-induced limitations from his RFC.

The ALJ's RFC formulation also did not need to account for alleged limitations in mental functioning. State agency psychological consultant C. Kenneth Bowles, Ph.D. ("Dr. Bowles")

5

opined that Plaintiff "appears to be able . . . to sustain concentration and persistence on simple tasks." R. at 48. Similarly, treating psychologist Brooke L. Whisenhunt, Ph.D. ("Dr. Whisenhunt") opined that Plaintiff "seemed able to sustain concentration and persistence on simple tasks." R. at 572. Plaintiff argues these statements conflict with a mental RFC to perform "moderately complex tasks," as the ALJ found.

However, Drs. Bowles and Whisenhunt did not opine that Plaintiff would *only* be able to sustain concentration and persistence on simple tasks. The ALJ could reasonably infer that these comments, read both in isolation and within the context of their whole opinions, meant only that Plaintiff could *at least* perform simple tasks. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (permitting the ALJ to choose from among conflicting reasonable inferences from the medical evidence). In other words, the doctors were simply commenting on the threshold, not the outer limits, of Plaintiff's capabilities. Because the remainder of the record does not indicate that Plaintiff's concentration and persistence precluded him from performing moderately complex tasks, the ALJ's RFC formulation is supported by substantial evidence in the record.

Accordingly, the Court rejects all of Plaintiff's arguments directed at how the ALJ found his RFC.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 3, 2015   /s/ Greg Kays
GREG KAY$, CHIEF JUDGE
UNITED STATES DISTRICT COURT